UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILMINGTON TRUST NA, *Successor Trustee to Citibank, N.A., as Trustee f/b/o Holders of Structured Asset Mortgage Investments II Inc., Bear Stearns Alt-A Trust 2007-3, Mortgage Pass-Through Certificates Series 2007-3*, | § § § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| JON M. ROBERTSON and ARMINDA M. ROBERTSON, | § § § | |
| Defendants. | § | CIVIL ACTION NO. 3:18-CV-0075-B |
| JON M. ROBERTSON and ARMINDA M. ROBERTSON, | § § § | |
| Counter-Plaintiffs, | § § | |
| v. | § § | |
| WILMINGTON TRUST NA, *Successor Trustee to Citibank, N.A., as Trustee f/b/o Holders of Structured Asset Mortgage Investments II Inc., Bear Stearns Alt-A Trust 2007-3, Mortgage Pass-Through Certificates Series 2007-3;* DAVID R. GIBSON; ROBERT V.A. HARRA; WILLIAM NORTH; and KEVYN RAKOWSKI, | § § § § § § § § § § § | |
| Counter-Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is: (1) Counter-Defendant Wilmington Trust NA's Partial Motion to Dismiss Counter-Plaintiffs' Amended Counterclaim (Doc. 25); (2) Counter-Plaintiffs' Motion to

Strike (Doc. 33); and (3) Counter-Defendant's Motion to Strike (Doc. 34). Specifically, Counter-Defendant's Partial Motion to Dismiss seeks dismissal of Counter-Plaintiffs' criminal conspiracy counterclaim contained in their First Amended Answer and Counterclaim (Doc. 21, Am. Answer & Countercl., ¶¶ 49–54). Having been fully briefed, and for the reasons below, the Court **GRANTS** Counter-Defendant's Motion to Dismiss (Doc. 25) and **DENIES as moot** Counter-Plaintiffs' Motion to Strike (Doc. 33) and Counter-Defendant's Motion to Strike (Doc. 34).

## I.

## BACKGROUND

This dispute involves the attempted judicial foreclosure of Counter-Plaintiffs' residence. Counter-Defendant brought suit on January 11, 2018, seeking a judicial foreclosure—among other claims—on Counter-Plaintiffs' property located at 5511 W. Mockingbird Lane, Dallas, Texas 75209 (the "Property"). Doc. 1, Pl.'s Compl., 1, 4. On September 5, 2018, after being granted leave to amend their answer and counterclaims, Counter-Plaintiffs filed their First Amended Answer and Counterclaims alleging counterclaims for: violations of the Texas Consumer Credit Code and the Texas Deceptive Trade Practices Act; a suit to quiet title; a declaratory judgment that the note and security instrument upon which Counter-Defendant's suit is based is void and unenforceable; and criminal conspiracy. Doc. 21, Am. Answer & Countercl., ¶¶ 24–54. Counter-Plaintiffs' Amended Answer and Counterclaims also added Individual Counter-Defendants[1] Gibson, Harra, North, and

---

[1] Counter-Defendant Wilmington Trust NA notes that its legal counsel does not represent these Individual Counter-Defendants and is not authorized to accept service on their behalf. Doc. 25, Counter-Def.'s Mot. to Dismiss, 2 n.1. In fact, after reviewing the papers and pleadings on file, the Court notes that summons were never issued or delivered on these Individual Counter-Defendants. Thus, these Individual Counter-Defendants have not filed an answer or joined Wilmington Trust NA's Motion to Dismiss. Nevertheless, because Counter-Plaintiffs make the same criminal conspiracy allegations against all Counter-Defendants, and because the criminal conspiracy claim fails as a matter of law against

Rakowski to the criminal conspiracy counterclaim. *Id.* ¶¶ 3–7, 50–51. Counter-Defendant Wilmington Trust NA then filed its Partial Motion (Doc. 25) seeking dismissal of Counter-Plaintiffs' criminal conspiracy counterclaim arguing that (1) there is no private right of action for criminal conspiracy, and (2) even assuming there is, their claim fails because Counter-Plaintiffs have failed to sufficiently allege that the alleged conspiracy has any connection to this case. Doc. 25, Counter-Def.'s Mot. to Dismiss, 2. Counter-Plaintiffs filed their Response (Doc. 31), and Counter-Defendant filed its Reply (Doc. 35). Counter-Defendant's Motion is therefore ripe for the Court's review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

---

Counter-Defendant for the same reasons it would fail against the Individual Counter-Defendants, the Court dismisses *sua sponte* this claim as to all Counter-Defendants, not just Wilmington Trust NA. *See Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010) ("While the district court did dismiss *sua sponte* some defendants who did not join the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants.").

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

In their Amended Answer and Counterclaim, Counter-Plaintiffs allege that all Counter-Defendants engaged in an "unlawful conspiracy to defraud the United States, commit securities fraud, [and] make false statements to federal regulators . . . by willfully and fraudulently under-reporting the uncollectible loans held by Wilmington Trust." Doc. 21, Am. Answer & Countercl., ¶ 50. Counter-Plaintiffs further allege that their loan was one of the under reported loans and as a result they "were within the zone of illegality of such unlawful conspiracy because their very homestead, . . . and their personal credit reputation, were exposed and endangered, resulting in actual and consequential damages." *Id.* ¶ 51. Their criminal conspiracy claim is based on a criminal conspiracy case in the United States District Court for the District of Delaware (the "Delaware Criminal Conspiracy Case") that allegedly "resulted in a settlement by Wilmington Trust and in criminal convictions of the Individual Counter-Defendants." *Id.* ¶ 50.

Counter-Defendant Wilmington Trust NA filed its Partial Motion to Dismiss, arguing among

other things that Counter-Plaintiffs' criminal conspiracy claim should be dismissed because there is no private right of action for criminal conspiracy. Doc. 25, Counter-Def.'s Mot. to Dismiss, 9–10. In conjunction with its Partial Motion to Dismiss, Counter-Defendant filed a 1212-page Appendix in Support (Doc. 26) containing various loan documents involving the Property, case filings from the Delaware Criminal Conspiracy Case, and various SEC filings.[2] Recognizing that "it may be true that Federal law does not directly create a private cause of action for breaches of criminal law," Counter-Plaintiffs assert that their criminal conspiracy claim is in fact a civil conspiracy claim or a negligence *per se* claim that they argue is actionable under Texas law. Doc. 31, Counter-Pls.' Resp., 14–16.

First, the Court finds that the criminal conspiracy counterclaim fails. "It is axiomatic . . . that federal criminal . . . statutes do not create a private right of action." *Flander v. Dep't of Pub. Safety*, 2014 WL 238652, at *2 (N.D. Tex. Jan. 22, 2014). Thus, "[f]or a private right of action to exist under a criminal statute, there must be 'a statutory basis for inferring that a civil cause of action of

---

[2] This Appendix is the subject matter of Counter-Plaintiffs' Motion to Strike (Doc. 33). Counter-Plaintiffs argue that attaching this "mountain of evidence" converts the Motion to Dismiss into a motion for summary judgement, and thus under Rule 12(d) the Court should give Counter-Plaintiffs reasonable time to respond to the matters raised. Doc. 33, Counter-Pls.' Mot. to Strike, 2. However, because the Court refuses to consider those materials, besides those materials which are matters of public record, the Partial Motion to Dismiss remains intact as a motion under Rule 12(b)(6). *See Thompson v. Wells Fargo Bank, N.A.*, 2016 WL 164114, at *3 (S.D. Tex. Jan. 14, 2016) (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988)); *see also Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (holding that district courts may rely on matters of public record in deciding a Rule 12(b)(6) motion). Therefore, the Court **DENIES as moot** Counter-Plaintiffs' Motion to Strike (Doc. 33). Also, in conjunction with their Response to Counter-Defendant's Partial Motion to Dismiss, Counter-Plaintiffs include their own Appendix (Doc. 32) containing among other documents a Rule 56(d) affidavit arguing the need for discovery and conversion of the current Motion to a motion for summary judgment. This Appendix is the subject matter of Counter-Defendant's Motion to Strike (Doc. 34). However, because the Court does not convert this Motion to a motion for summary judgement and does not rely on any of the remaining documents attached, the Court **DENIES as moot** Counter-Defendant's Motion to Strike (Doc. 34).

some sort lay in favor of someone.'" *Id.* (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)). Counter-Plaintiffs do not explicitly state what criminal statutes their criminal conspiracy claim is based on, but a review of the Delaware Criminal Conspiracy Case shows that criminal charges brought in that case included those under 18 U.S.C. §§ 371, 1001, 1002, 1005, 1342, 1348, 1350; 15 U.S.C. §§ 78m(a), 78ff; 18 U.S.C. § 2; and 17 C.F.R. §§ 240.13a-l, 240.13a-13. *See* Doc. 26, Counter-Def.'s App'x, Ex. E, Second Superseding Indictment, 696–707. However, Counter-Plaintiffs fail to show and the Court does not find that any of these federal criminal statutes provide a private cause of action, and thus, Counter-Plaintiffs' criminal conspiracy claim fails as a matter of law. *See Thompson v. Wells Fargo Bank, N.A.*, 2016 WL 164114, at *3 (S.D. Tex. Jan. 14, 2016) (collecting cases from courts holding that there is no private cause of action under federal criminal statutes).

Second, Counter-Plaintiffs' attempt to recharacterize their criminal conspiracy counterclaim as a civil conspiracy or negligence *per se* counterclaim also fails to state a claim. For one, in their Amended Answer and Counterclaims, Counter-Plaintiffs make no reference to either theory or elements of those theories. *See* Doc. 21, Am. Answer & Countercl., ¶¶ 49–54. In fact, in contradiction to their recharacterized negligence claim, Counter-Plaintiffs allege that Counter-Defendants acted intentionally. *See id.* ¶ 51 (alleging that Counter-Defendants acted "purposefully"). Regardless of these deficiencies, "civil conspiracy is not an independent tort, but rather a vehicle for expanding liability, and proof of a civil conspiracy is not, in and of itself, a recoverable harm." *Tummel v. Milane*, 2019 WL 366708, at *6 (S.D. Tex. Jan. 30, 2019) (citing *Belz v. Belz*, 667 S.W.2d 240, 243 (Tex. App.—Dallas 1984, writ ref'd n.r.e.)). In other words, "[w]ithout an independent civil cause of action, there can be no claim of civil conspiracy." *Id.* Here, Counter-Plaintiffs do not allege what tort Counter-Defendants committed, but instead point to the Delaware Criminal

Conspiracy Case as evidencing the overt acts, and thus, forming the basis of their purported civil conspiracy claim. *See* Doc. 21, Am. Answer & Countercl., ¶ 50; Doc. 31, Counter-Pls.' Resp., 15 (stating that the indictments help demonstrate the overt acts of the conspiracy). However, as already stated, these federal criminal statutes do not provide a private cause of action. Therefore, the Court joins others in finding that a civil conspiracy claim based on Counter-Defendants alleged criminal acts would also fail as a matter of law. *See, e.g.*, *Tummel*, 2019 WL 366708, at *6–7 (finding that a civil conspiracy claim based on defendants' violations of federal and Texas criminal statutes failed to state a claim); *Thompson*, 2016 WL 164114, at *3 ("criminal and civil conspiracy claims, which are based on violations of these [federal] statutes, are dismissed as well.").

## IV.
## CONCLUSION

For these reasons, the Court **GRANTS** Counter-Defendant's Partial Motion to Dismiss (Doc. 25) Counter-Plaintiffs' criminal conspiracy counterclaim. Because the law provides no basis for relief on this counterclaim, further amendment is futile. Thus, the Court **DISMISSES with prejudice** this counterclaim. Furthermore, the Court **DENIES as moot** Counter-Plaintiffs' Motion to Strike (Doc. 33) and Counter-Defendant's Motion to Strike (Doc. 34).

**SO ORDERED.**

**SIGNED: February 13, 2019.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE